PLOTKIN, Judge.
We granted certiorari to review relator’s complaint that the trial court erred in denying his motion to quash. After review of the record, we affirm the trial court.
*610 The relator is charged with possession of a firearm by a convicted felon in violation of LSA-R.S. 14:95.1. His motion to suppress the evidence was denied on August 22, 1990. We granted certiorari to review relator’s complaint that the trial court erred in denying his motion to suppress the evidence. After review of the record, we affirm the trial court.
On April 26, 1990, Police Detective Messina received information from a reliable confidential informant that a man named Leroy, driving a 1981 or 1982 green Mercury, possibly a Cougar, would be delivering crack cocaine to a residence in the 2300 block of Lafitte Street within the hour. Police officers set up surveillance of the area. Forty-five minutes later, they saw a green Mercury Cougar drive away from the block. The officers followed the car and observed it while it made two stops. They then stopped’ the car and asked the defendant, who was driving, to exit the car. When he did the officers observed a gun lying halfway underneath the seat. The defendant was then placed under arrest. After a computer check which revealed he had a prior conviction for possession of cocaine, Carey was charged with possession of a firearm as a convicted felon.
Relator contends that the police did not have probable cause to stop the car. Under Louisiana law, the police may stop a person whom they “reasonably believe is committing, has committed, or is about to commit an offense”. LSA-C.Cr.P. art. 215.1(A). “Reasonable suspicion” is less than the probable cause required for an arrest. State v. Johnson, 557 So.2d 1030, 1033 (La.App. 4 Cir.1990). The information provided by the confidential informant in this case was grounds for “reasonable suspicion.”
Evidence may be seized without a warrant when it is observed in “plain view” when (1) the police have a prior justification for the intrusion, and (2) they observe a piece of evidence incriminating the accused. Coolidge v. New Hampshire, 403 U.S. 443, 466, 91 S.Ct. 2022, 2038, 29 L.Ed.2d 564 (1971).[1]
In this case, the police officers were justified in being beside the car and asking Carey to exit the car, and when Carey did get out of the car, the officers observed a gun in plain view which could reasonably be viewed as evidence incriminating the relator.
For the above and foregoing reasons, the judgment denying relator’s motion to suppress evidence is affirmed.

. A third requirement, that the object seized be seen "inadvertently,” was recently omitted by the Supreme Court. Horton v. California, — U.S. -, 110 S.Ct. 2301, 2310, 110 L.Ed.2d 112 (1990).