702 So.2d 320 (1997)
STATE of Louisiana
v.
Eric R. ISSAC.
No. 97-KA-497.
Court of Appeal of Louisiana, Fifth Circuit.
October 28, 1997.
Rehearing Denied December 17, 1997.
Paul D. Connick, Jr., District Attorney, Alison Wallis, Assistant District Attorney, for Plaintiff/Appellee.
Laurie A. White, Louisiana Appellate Project, New Orleans, for Defendant/Appellant.
*321 GOTHARD, Judge.
The defendant, Eric R. Issac, was charged by bill of information with two counts of possession of cocaine with intent to distribute, in violation of LSA-R.S. 40:967(A). When arraigned on the charges, the defendant entered a plea of not guilty to both counts. The defendant proceeded to trial on both counts, and at the conclusion of the two-day trial, the jury returned with a verdict of guilty on count one; however, the jury was unable to reach a verdict as to count two. Because of the hung jury, the trial court declared a mistrial as to count two. The trial court later sentenced the defendant to 20 years at hard labor and the State dismissed count two of the bill of information.
Additionally, the State filed a bill of information seeking enhanced sentencing of the defendant as a third felony offender in accordance with LSA-R.S. 15:529.1 and the defendant entered a plea of not guilty to the multiple offender bill. After conducting a hearing on the multiple bill, the trial court found the defendant to be a third felony offender, vacated the previous sentence of 20 years at hard labor and sentenced the defendant to life imprisonment without benefit of probation, parole or suspension of sentence.

FACTS
On October 2, 1996, Agent Heather Gorman-Ogden was informed by her supervisors of complaints regarding the sale of narcotics at 3449 Ames Boulevard in Marrero, Louisiana. Agent Gorman-Ogden was shown a photograph of the defendant and was instructed to make a purchase of crack cocaine from him. At approximately 10:54 a.m., Agent Gorman-Ogden drove up to the address and "honked" her horn. When the defendant exited the residence, she asked him if she could purchase a "twenty" (a rock of crack cocaine valued at $20.00). The defendant leaned into her car window and pulled a rock of cocaine out of his mouth. He then handed it to the officer in exchange for $20. These events formed the basis for count one of the bill of information.
Later that same morning, Agent Colleen Patterson, who had received the same information regarding the residents' complaints, proceeded to the same address. After driving onto the adjacent driveway, the defendant exited the residence of 3449 Ames Boulevard, and Agent Patterson told him that she needed to purchase a "twenty". The defendant went back into the residence, and upon exiting, he asked the officer to accompany him back into the residence. Agent Patterson exited her vehicle and followed the defendant as he walked to the residence. When the defendant entered the residence, Agent Patterson remained outside. Noticing that there was an open window, Agent Patterson asked the defendant to meet her outside. When the door opened, an unknown subject exited the residence followed by the defendant. The defendant handed something to the subject, and the subject then handed Agent Patterson a rock of cocaine in exchange for $20. At no time did Agent Patterson see the cocaine or the money in the hands of the defendant. These events formed the basis for count two of the bill of information.

ASSIGNMENTS OF ERROR
In his first assignment of error, the defendant contends that the evidence was insufficient to support the conviction. The defendant argues that the State's case, namely the testimony of Agent Gorman-Ogden, without any corroborating evidence, was insufficient to warrant a finding of guilty on count one of the bill of information. Additionally, the defendant argues that because the jury found the evidence relating to count two insufficient to convict, the evidence relating to count one which was "significantly similar" should also be considered insufficient.
The standard for testing the sufficiency of evidence requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Rosiere, 488 So.2d 965 (La. 1986); State v. Lassere, 95-1009 (La.App. 5 Cir. 10/1/96), 683 So.2d 812, writ denied, 96-2655 (La. 4/18/97), 692 So.2d 445.
*322 The defendant in this case was charged with possession of cocaine with intent to distribute. The crime of possession with intent to distribute cocaine requires proof that the defendant knowingly and intentionally possessed the drug, and that he did so with the specific intent to distribute it. LSA-R.S. 40:967(A); State v. Lassere, supra.
In order to prove count one, the State presented the testimony of Darren Poche[1] and Agent Gorman-Ogden. Poche testified that the rocklike substance which Agent Gorman-Ogden purchased from the defendant tested positive for cocaine, and Agent Gorman-Ogden testified regarding the facts of the transaction. Although Agent Gorman-Ogden's testimony was not corroborated, her testimony alone was sufficient to prove that the defendant conducted the drug transaction,[2] and in rendering a guilty verdict on count one, the jury obviously chose to believe her testimony. It is not this Court's function to assess the credibility of witnesses or reweigh the evidence to overcome the fact-finder's determination of guilt. State v. Cooper, 93-863 (La.App. 5 Cir. 3/16/94), 635 So.2d 301.
Furthermore, regarding the similarity of the evidence of the two counts,[3] it is noted that a sufficiency-of-the-evidence review involves assessment by the courts of whether the evidence adduced at trial could support any rational determination of guilty beyond a reasonable doubt and such a review should be independent of the jury's determination that evidence on another count was insufficient. See, State v. Irvine, 535 So.2d 365 (La.1988), quoting United States v. Powell, 469 U.S. 57, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984).
Viewing the evidence consisting of the testimony of Poche and Agent Gorman-Ogden in the light most favorable to the prosecution, a rational trier of fact could find all the essential elements of the crime beyond a reasonable doubt. Accordingly, this assignment lacks merit.
In his second assignment of error, the defendant contends that the evidence was insufficient to support a finding that he was a third felony offender. Specifically, the defendant argues that the State failed to prove the date of his discharge for the conviction on the first predicate felony and therefore the evidence was insufficient to show that the cleansing period did elapse between the first and second predicate felonies.
The State bears the burden of showing that the predicate convictions fall within the cleansing period established under LSA-R.S. 15:529.1(C). State v. Metoyer, 612 So.2d 755 (La.App. 5 Cir.1992). The imposed sentence does not govern the determination of the expiration of the cleansing period; rather, the actual discharge from supervision by the Department of Corrections controls. Thus, the commencement of the cleansing period is from the date of discharge from state custody, because the discharge can take place earlier than the theoretical date on which the sentence would have terminated due to pardon, commutation or good time credit; or it could take place later because of parole revocation. State v. Humphrey, 96-838 (La.App. 5 Cir. 4/29/97), 694 So.2d 1082. However, if less than the cleansing period has elapsed between the defendant's conviction on a predicate felony and his commission of a subsequent predicate felony, the State need not prove the date of discharge on the earlier sentence in the multiple offender proceedings. State ex rel. Clark v. Marullo, 352 So.2d 223 (La.1977); State v. Humphrey, supra.
LSA-R.S. 15:529.1(C) originally provided for a five-year cleansing period; however, the legislature extended it to seven years in 1994 and then to 10 years in 1995. See Acts 1994, 3rd Ex.Sess., No. 85 § 1, effective August 27, 1994 and Acts 1995, No. 839, § 1, effective August 15, 1995.
*323 The exhibits and testimony introduced by the State at the multiple offender proceeding established that the defendant was convicted of two predicate felonies. In particular, the exhibits show that the defendant pled guilty to the first predicate felony of simple burglary on December 6, 1985, committed the second predicate felony of simple burglary on October 6, 1989, and pled guilty to the second predicate felony on October 21, 1991. Additionally, it is noted that the defendant committed the underlying offense on October 2, 1996.
The defendant is correct in arguing that the State failed to prove the discharge date for the conviction on his first predicate felony. However, even assuming arguendo that the five-year cleansing period was applicable, the State was not required to prove the date of discharge for the conviction on the first predicate felony because less than five years elapsed between the conviction on his first predicate felony and the commission of the second predicate felony. Therefore, the evidence was sufficient to support the defendant's adjudication as a third felony offender.
Accordingly, this assignment lacks merit.

ERROR PATENT
This record was reviewed for errors patent in accordance with LSA-C.Cr.P. art. 920 and State v. Oliveaux, 312 So.2d 337 (La.1975). In reviewing this case for errors patent on the face of the record, we find that the transcript, unlike the minute entry and commitment, fails to show that the trial court gave the defendant credit for time served pursuant to LSA-C.Cr.P. art. 880. Generally, where there is a discrepancy between the minute entry and transcript, the transcript should prevail. State v. Lynch, 441 So.2d 732 (La.1983). However, since LSA-C.Cr.P. art. 880 is mandatory in nature, the defendant is entitled to credit for time served despite the fact that it is not specifically stated in the transcript. State v. Andrews, 95-129 (La.App. 5 Cir. 11/15/95), 665 So.2d 454. Accordingly, defendant's sentence is amended to award credit for time actually spent in custody, if any, prior to the imposition of his sentence.

CONCLUSION
Accordingly, for the reasons stated above, defendant's conviction of possession of cocaine with intent to distribute and his adjudication as a third felony offender are affirmed. The sentence is amended to award credit for time served and affirmed.
CONVICTION AND MULTIPLE OFFENDER ADJUDICATION AFFIRMED; SENTENCE AFFIRMED AS AMENDED.
NOTES
[1] Darren Poche, an analyst from the Jefferson Parish Sheriff's Department Crime Lab, was accepted as an expert in the field of forensic science.
[2] The testimony of the victim alone is sufficient to prove the elements of the offense. State v. Allen, 94-1895 (La.App. 4 Cir. 9/15/95), 661 So.2d 1078, writs denied, 95-2557 (La. 2/2/96), 666 So.2d 1087 and 95-2475 (La.2/2/96), 666 So.2d 1087.
[3] In order to prove count two, the State presented the testimony of Poche and Agent Patterson.