717 So.2d 1218 (1998)
STATE of Louisiana
v.
Clifton B. AYCHE.
No. 98-KA-191.
Court of Appeal of Louisiana, Fifth Circuit.
July 28, 1998.
Rehearing Denied October 19, 1998.
*1219 Paul D. Connick, Jr., District Attorney, Terry Boudreaux, Ellen S. Fantaci, Frank Brindisi, Assistant District Attorneys, Gretna, for Plaintiff/Appellee.
Laurie A. White, Louisiana Appellate Project, Baton Rouge, for Defendant/Appellant.
Before DUFRESNE and GOTHARD, JJ., and ROBERT M. MURPHY, J. Pro Tem.
GOTHARD, Judge.
Defendant, Clifton Ayche, was convicted of possession of cocaine, in violation of La. R.S. 40:967 C, and he was sentenced to five years at hard labor. Pursuant to a multiple bill filed by the state, defendant was adjudicated a fourth felony offender and sentenced to life imprisonment at hard labor without benefit of probation, parole or suspension of sentence. This appeal followed. For the following reasons, we affirm the defendant's conviction, vacate the multiple offender adjudication and remand the matter for further proceedings.

FACTS
On the night of March 12, 1997, agents Mike Crossen and Billy Matranga of the Jefferson Parish Sheriff's Office Narcotics Division, were on patrol in an unmarked police car. The officers wore "raid" jackets which bore police badges. Their assignment was to target high crime areas on the Westbank. At about 8:45 p.m., the officers turned off the Westbank Expressway onto Garden Road in Marrero, and pulled into the parking lot of Kim's Grocery. The store was known to the officers as a regular site for drug transactions.
Crossen and Matranga saw defendant leaning on a soft drink machine in front of Kim's. As they exited their car, defendant pulled a white cigarette, which Crossen thought might be a marijuana cigarette, from behind his ear and place it in a front pocket of his pants. As the officers began walking toward defendant, he turned and ran into the store. The officers followed, and Crossen restrained defendant by grabbing his hands. Crossen took defendant outside and placed his hands on the police car. He then conducted a pat-down search of defendant, and he also retrieved the cigarette from defendant's pocket. He broke the cigarette open and found what appeared to be tobacco, mixed with small pieces of an off-white substance. Crossen performed a field test on the white substance, and the result was positive for cocaine.
Darren Poche, an expert in the analysis of controlled dangerous substances, testified at trial that he had tested the white substance *1220 for cocaine, and received positive results. Poche found the brown vegetable substance inside the cigarette to be tobacco.
Defense witness Darius Trufant testified that he was at Kim's Grocery on the evening of March 12 to give his father, Leroy, a ride home. He went inside the store with the defendant and they played video games. Fifteen to twenty minutes later, police officers entered the store and ordered the two men to go outside. Darius testified that the officers searched them and then he was allowed to go, while defendant was placed under arrest.
Darius Trufant's father, Leroy, testified that he and his friend, Gerald Comeaux, were waiting in Darius' car in the parking lot of Kim's Grocery while defendant and Darius were inside playing video games. One or two unmarked police cars arrived at the store, and officers went inside and retrieved defendant and Darius. The officers allowed Darius to go, but arrested defendant.

ASSIGNMENT OF ERROR NUMBER ONE
Appellant was denied his right to due process of law under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, § 2 of the Louisiana Constitution of 1974, as there was insufficient evidence to support the verdict.
Defendant alleges that the evidence adduced at trial was insufficient to prove that appellant committed the crime with which he was charged. In reviewing the sufficiency of evidence, the appellate court must consider whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
Defendant was convicted of a violation of La.C.Cr.P. art. 967 C, which provides in part that "[i]t is unlawful for any person knowingly or intentionally to possess a controlled dangerous substance as classified in Schedule II unless such substance was obtained directly or pursuant to a valid prescription or order from a practitioner...." Cocaine is classified as a schedule II narcotic. La. R.S. 40:964. Viewing the record in the light most favorable to the prosecution, there is sufficient evidence for a rational trier of fact to find guilt beyond a reasonable doubt.
Agents Crossen and Matranga both testified that they were ten feet away from defendant when they saw him remove the cigarette from behind his ear and place it in his pants pocket. Agent Crossen testified that he removed the cigarette from defendant's pocket. Crossen performed a field test on the contents of the cigarette, and the result was positive for cocaine. Forensic chemist Darren Poche also analyzed the white substance, and found it to be cocaine.
In this case, defendant argues that the state did not prove the elements of the crime beyond reasonable doubt because the testimony of defense witnesses, Darius and Leroy Trufant, was inconsistent with that of the arresting officers, and therefore the officers' testimony was unreliable.
The jury apparently found the testimony of the two officers more credible than that of defendant's witnesses. It is within the jury's sound discretion to accept or reject in whole or in part the testimony of any witness. State v. Girod, 96-660 (La.App. 5 Cir. 11/25/97), 703 So.2d 771. It is not the appellate court's function to assess the credibility of witnesses or re-weigh evidence to overcome the fact-finder's determination of guilt. State v. Issac, 97-497 (La.App. 5 Cir. 10/28/97), 702 So.2d 320.
We find that this allegation of error has no merit.

ASSIGNMENTS OF ERROR TWO, THREE AND FOUR
The trial court erred when it admitted evidence at trial without a determination of whether the evidence was obtained in an unreasonable search and seizure, in violation of the Fourth Amendment to the United States Constitution and Article I, § 5 of the Louisiana Constitution of 1974, as the arresting officers did not have probable cause or even reasonable suspicion to stop and search the appellant.
In the alternative, appellant was denied his right to counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Sections 2 *1221 and 16 of the Louisiana Constitution of 1974, as trial counsel was ineffective when he failed to pursue his pre-trial motions to determine whether evidence was admissible or inadmissible at trial.
Appellant was denied his right to judicial review pursuant to Article I, Section 19 of the Louisiana Constitution of 1974, as the trial record does not contain the trial court's decision regarding defense's pre-trial motions.
Defendant complains that he was prejudiced by the trial court's failure to rule on his motion to suppress evidence. Defendant further argues that the trial court erred in failing to suppress the cigarette seized from his pants pocket, as it was the fruit of an unlawful search. He also alleges that his trial counsel was deficient in failing to pursue hearings on his pre-trial motions, thus depriving him of an opportunity to raise the issue of illegal search and seizure on appeal.
The record in this matter reflects that defense counsel filed a motion to suppress, however the matter went to trial without a hearing on the motion. Motions pending at the commencement of trial are waived if the defendant proceeds to trial without raising as an issue the fact that the motions were not ruled upon. State v. Scamardo, 97-197 (La.App. 5 Cir. 2/11/98), 708 So.2d 1126; State v. Price, 96-680 (La.App. 5 Cir. 2/25/97), 690 So.2d 191. By proceeding to trial without objection, defendant waived his right to have the motion considered.
We note that defense counsel did, during trial, orally object to the admission of the cigarette, however he did not provide a basis for his objection. A defendant must make known the grounds for his objection at the time it is made, and is limited on appeal to those grounds articulated in his objection. La.C.Cr.P. art. 841; State v. Styles, 96-897 (La.App. 5 Cir. 3/25/97), 692 So.2d 1222, writ denied, 97-1069 (La.10/13/97), 703 So.2d 609.
Thus, it is clear from the record before us that the trial court did not rule on defendant's motion to suppress the evidence prior to, or during, the trial of this matter.
In this appeal, defendant now argues that his trial counsel was ineffective as a result of his failure to pursue the pretrial motion to suppress, thereby depriving him of an opportunity to raise the issue of illegal search and seizure on appeal.
The Louisiana Supreme Court has held that a claim of ineffective assistance of counsel is most appropriately addressed through an application for postconviction relief rather than direct appeal, so as to afford the parties an adequate record for review. State v. Truitt, 500 So.2d 355 (La.1987). It is well settled, however, that where the record contains sufficient evidence to decide the issue, and the issue is properly raised by assignment of error on appeal, it may be addressed in the interest of judicial economy. State v. Hamilton, 92-2639 (La.7/1/97), 699 So.2d 29, cert. denied, Hamilton v. Louisiana, U.S., ___ U.S. ___, 118 S.Ct. 1070, 140 L.Ed.2d 129 (1998); State v. Pendelton, 96-367 (La.App. 5 Cir. 5/28/97), 696 So.2d 144, writ denied, 97-1714 (La.12/19/97), 706 So.2d 450.
A defendant is entitled to effective assistance of counsel under the Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana Constitution of 1974. In assessing a claim of ineffectiveness, a two-pronged test is employed. The defendant must show that (1) his attorney's performance was deficient, and (2) the deficiency prejudiced him. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Campbell, 97-369 (La.App. 5 Cir. 11/25/97), 703 So.2d 1358.
To show "prejudice" as required in order to establish ineffective assistance of counsel, the defendant must demonstrate that, but for counsel's unprofessional conduct, the outcome of the trial would have been different. Strickland v. Washington, supra; State v. Soler, 93-1042 (La.App. 5 Cir. 4/26/94), 636 So.2d 1069, writs denied, 94-0475 (La.4/4/94), 637 So.2d 450, 94-1361 (La.11/4/94), 644 So.2d 1055.
We need not reach the issue of whether counsel's performance was deficient because we find that there was no valid basis to defense's motion to suppress, and therefore defendant suffered no prejudice as a result of counsel's failure to pursue the motion to suppress evidence.
The right of law enforcement officers to stop and interrogate one reasonably suspected *1222 of criminal activity is recognized by LSA-C.Cr.P. art. 215.1 and by state and federal jurisprudence. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Belton, 441 So.2d 1195 (La.1983), cert. denied, Belton v. Louisiana, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984); State v. Duran, 96-602 (La.App. 5 Cir. 3/25/97), 693 So.2d 2, application dismissed, 97-1485 (La.1/9/98), 705 So.2d 1087; State v. Charles, 95-498 (La.App. 5 Cir. 12/13/95), 666 So.2d 1147. Reasonable cause for an investigatory stop is something less than probable cause to arrest; it requires that officers have sufficient knowledge of the facts and circumstances to justify an infringement of an individual's right to be free of government interference. State v. Belton, supra; State v. Barnes, 592 So.2d 1352 (La.App. 5 Cir.1991).
In this case, the record shows sufficient facts to support a finding of reasonable suspicion to justify the stop of defendant. Agent Crossen testified that the area where Kim's Grocery is located is known to him as a high crime area where drug trafficking is common. Crossen knew of numerous undercover drug purchases which had taken place in front of Kim's. Moreover, the sheriff's office had received numerous telephone complaints about drug activity in the area. The reputation of a neighborhood as a high crime area is an articulable fact upon which an officer may legitimately rely in making a determination as to reasonable cause for an investigatory stop. State v. Charles, 666 So.2d at 1150; State v. Simmons, 95-309 (La.App. 5 Cir. 10/18/95), 663 So.2d 790.
Agent Crossen testified that he saw defendant standing in front of the store, with what appeared to be a marijuana cigarette tucked behind his ear. Crossen further testified that when he and Agent Matranga began to approach defendant, he looked directly at them with an expression of surprise, immediately put the cigarette in his pocket, and ran inside the store. A defendant's presence in a high crime area, coupled with nervousness, flight, or suspicious activities upon the approach of officers, is sufficient to justify an investigatory stop. State v. White, 27,188 (La.App. 2 Cir. 8/23/95), 660 So.2d 515, writ denied, 95-3045 (La.4/25/97), 692 So.2d 1076. See also, State v. Smith, 96-0640 (La. App. 4 Cir. 4/30/97), 694 So.2d 509, writ denied, 97-1424 (La.11/14/97), 703 So.2d 1287. In addition, after Officer Crossen observed what appeared to be a marijuana cigarette, the officers therefore had reasonable suspicion that the defendant was in possession of contraband. Once the defendant was stopped, the officers were justified in conducting a pat down for weapons, La. C.Cr.P. art. 215.1, and in removing the contraband they had seen defendant place in his pocket.
Accordingly, we find that there was no merit in the defendant's motion to suppress. Accordingly, we find no merit to these assignments of error.

ASSIGNMENT OF ERROR NUMBER FIVE
The trial court erred in sentencing appellant under the Multiple Bill of Information as a fourth felony offender, thereby violating his rights under the Eighth Amendment to the United States Constitution and Article I, Section 20 of the Louisiana Constitution of 1974.
Defendant argues that the trial court erred in adjudicating him a fourth felony offender, as one of the predicate offenses alleged in the habitual offender bill, namely his 1990 juvenile conviction for second degree battery, cannot be used as a predicate offense under La. R.S. 15:529.1 A, of Louisiana's habitual offender law.
La. R.S. 15:529 allows the use of a juvenile adjudication of guilt to enhance the sentence for a subsequent felony conviction where the juvenile offense is one involving distribution or possession with intent to distribute narcotics, or is one of the crimes of violence listed under paragraph (2) of subsection A. Defendant's juvenile offense is not one involving a controlled dangerous substance, nor is it one of the crimes of violence listed in paragraph (2). It appears, then, that the juvenile conviction should not have been used to enhance defendant's sentence. The state, in its brief to this Court, concedes this point.[1]
*1223 Thus, the multiple bill is invalid on its face, and therefore we are required to vacate the multiple bill adjudication. Compare State v. Bailey, 97-493 (La.App. 5 Cir. 11/12/97), 703 So.2d 1325.[2] Because double jeopardy principles do not apply to multiple offender proceedings, the state may retry defendant as a multiple offender. State v. Balser, 96-443 (La.App. 5 Cir. 11/14/96), 694 So.2d 351.

ASSIGNMENT OF ERROR NUMBER SIX
Appellant's sentence of life imprisonment, as determined by the trial court (sic) his multiple bill hearing, was excessive in violation of the Eighth and Fourteenth Amendments to the United States Constitution and Article I, Section 20 of the Louisiana Constitution of 1974.
Because we are required to vacate the multiple offender proceeding, and the sentence imposed at that hearing, we need not address this allegation of error.

ASSIGNMENT OF ERROR NUMBER SEVEN
Appellant respectfully requests review of the entire record for errors patent pursuant to Article 920 of the Louisiana Code of Criminal Procedure.
The record was reviewed for errors patent. La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990); and State v. Godejohn, 425 So.2d 750 (La.1983). Because this case must be remanded for resentencing, we deem it appropriate to mention errors patent discovered, to avoid repetition of them on remand. State v. Balser, supra.
While the minute entry of the multiple bill hearing indicates that the court vacated defendant's original sentence before imposing the enhanced sentence, the transcript does not reflect that the original sentence was vacated[3] as required by La. R.S. 15:529.1 D(3). This court has consistently ruled that, where the original sentence on the underlying offense has not been vacated before the habitual offender sentence is imposed, the defendant's original sentence remains in effect and the subsequent sentence as a multiple offender is null and void. State v. Carter, 96-358 (La.App. 5 Cir. 11/26/96), 685 So.2d 346; State v. Jackson, 95-423 (La. App. 5 Cir. 11/15/95), 665 So.2d 467; State v. Henderson, 94-286 (La.App. 5 Cir. 12/14/94), 648 So.2d 974.
We also note that the trial judge did not inform the defendant of the three year delay for applying for post conviction relief as provided by La.C.Cr.P. art. 930.8.

CONCLUSION
For the above discussed reasons, the defendant's conviction is affirmed. Defendant's adjudication as a fourth offender is vacated and the case is remanded for further proceedings.
*1224 CONVICTION AFFIRMED; ADJUDICATION AS A FOURTH OFFENDER VACATED; CASE REMANDED.
NOTES
[1] Defendant further claims that the use of his juvenile conviction to enhance his sentence was a violation of ex post facto prohibitions, as the conviction predated the 1994 amendment to La. R.S. 15:529.1 D allowing the use of juvenile felony convictions in habitual offender proceedings. See Louisiana Acts 1994, 3 rd Ex.Sess., No. 23, § 1. However, a multiple offender proceeding does not charge a new crime, but is simply an enhancement of the sentence for the substantive crime. Therefore, the key date in determining whether an amendment to the multiple offender statute is applied ex post facto is the date of commission of the substantive offense. State v. Morgan, 96-588 (La.App. 5 Cir. 12/30/96), 686 So.2d 1048; State v. Keys, 29,369 (La.App. 2 Cir. 5/7/97), 694 So.2d 1107, writs denied, 97-1387 (La.10/31/97), 703 So.2d 21, 97-1497 (La.10/31/97), 703 So.2d 21. In this case, the underlying offense of possession of cocaine was committed on March 12, 1997, after the effective date of the amendment to La. R.S. 15:529.1 D.
[2] It is noted that defendant did not raise this issue in a written response as is required under La. R.S. 15:529.1 D(1)(b). Moreover, that subsection provides that "[a]ny challenge to a previous conviction or adjudication of delinquency which is not made before sentence is imposed may not thereafter be raised to attack the sentence." Defense counsel orally challenged the use of the juvenile conviction shortly before multiple bill sentencing, but only on ex post facto grounds. Although defendant does not appear to have followed the proper procedure below, the aforementioned error may be recognized as an error patent, since it is discoverable on the face of the record. La. C.Cr.P. art. 920; State v. Balser, 96-443 (La.App. 5 Cir. 11/14/96), 694 So.2d 351.
[3] Where there is a conflict between the minute entry and the transcript, the transcript prevails. State v. Lynch, 441 So.2d 732 (La.1983).