hGAUDIN, Judge.
This is a Crosby appeal.[1] Dexter Johnson and Marlon Bennett, were charged with possession of cocaine, LSA-R.S. 40:967(C). They pled guilty, reserving their rights to appeal, following denial in district court of their motions to suppress. Johnson received a two-year sentence, with credit for time served, while Bennett’s two-year sentence was suspended.
For the following reasons, we affirm the denial of the motions to suppress.
When the motions were heard, the state and defense submitted the following police report in lieu of testimony.
“On Tuesday, August 1,1995, at approximately 2:45 p.m., Agent Todd Vignes, Agent David Greenwood, Agent John Ladd, and Sgt. Emile Larson of the Jefferson Parish Sheriffs Office Narcotics Division patrolled the high drug area of 2800 Mt. Kennedy Dr., Marrero, La. Agents patrolled that area afterj¿receiving numerous citizen complaints concerning street level drug deals occurring at that location. The agents patrolled in unmarked police vehicles and wore blue wind breakers bearing police insignia.
“While patrolling the area agents observed several subjects standing on the side patio of an apartment building (2800 Mt. Kennedy Dr.). Sgt. Larson spoke to these individuals and learned that none of them lived at that location, and they were unable to explain why they chose that location to ‘hang out’ at. The subjects were detained for further questioning.
“While speaking to Dexter Johnson, one of the detained subjects, Agent Greenwood observed that Johnson was attempting to conceal several off-white rock like objects under his tongue. Believing the rock like objects to be crack cocaine, Agent Greenwood attempted to retrieve the evidence. Johnson began chewing the evidence. With the assistance of other agents, Agent Greenwood was able to retrieve exhibit # 1, residue from white rock(s) of compressed powder.
*1177 “While the remaining subjects were being detained and a pat down search for weapons was being conducted, Marlon Bennett, one of the detained subjects quickly put his left hand into the front portion of his underwear. Bennett’s hands were immobilized and Bennett was found to have exhibit # 2, a piece of plastic containing six rocks of compressed white powder, in his clenched left hand.
“Agent Vignes conducted a preliminary field test on a small portion of the contents of each exhibit which indicated the ^presence of cocaine.”
Appellants contend that theft detention for further questioning constituted an illegal stop and seizure.
The purpose of the 4th Amendment to the United States Constitution and Article 1, Section 5 of the Louisiana Constitution is not to eliminate contact between police officers and citizens, particularly in high crime or known drug areas.
Here, the officers were where they had a right, if not a duty, to be. They did not display weapons or touch either Johnson or Bennett. The officers asked questions and it appears from the report that the detention was caused by and was the result of the questioning. There is nothing in the report, and certainly nothing else, to suggest coercive circumstances or the use of physical force. Consequently, when Officer Greenwood saw Johnson trying to conceal rock-like objects under his tongue, there was probable cause to arrest.
Law enforcement officials may adopt reasonable measures to retrieve contraband and prevent its destruction. See State v. Desmond, 593 So.2d 965 (La.App. 4 Cir.1992), writs denied at 600 So.2d 637 (La. 1992). The seizure of the cocaine residue from Johnson’s mouth was reasonable.
The officers then conducted a pat-down search of Bennett (and another man, Michael Mayfield, who was also at the scene). When Bennett “quickly put his left hand into the front portion of his underwear,” his hands were immobilized. Inside a closed fist, officers found a plastic bag containing six rocks of compressed cocaine.
Because dangerous weapons, especially handguns, are tools of the trade in high drug zones, the officers were justified in the pat-down search of Bennett.
_jjHad these incidents not occurred in a high drug area of Marrero, had there not been numerous complaints by citizens and had Johnson and Bennett given a rational reason for theft presence at 2800 Mount Kennedy Drive, the motions to suppress would be much more meritorious. It is clear, however, that the officers began their initial questioning within the scope of allowable law, considering the circumstances, and that subsequent conduct by the subjects justified further police action. The trial judge acted properly in denying the motions to suppress.
There are no errors patent.
AFFIRMED.

. State v. Crosby, 338 So.2d 584 (La. 1976).