700 So.2d 213 (1997)
STATE of Louisiana
v.
Benton RATLIFF.
No. 97-K-1054.
Court of Appeal of Louisiana, Fourth Circuit.
August 13, 1997.
Harry F. Connick, District Attorney of Orleans Parish, Margaret Hay, Assistant District Attorney of Orleans Parish, New Orleans, for State/Relator.
Cherrilynne W. Thomas, Orleans Indigent Defender Program, New Orleans, for Defendant/Respondent.
Before BARRY, KLEES and JONES, JJ.
BARRY, Judge.
The trial court suppressed contraband that was found by police when they frisked the defendant pursuant to an investigatory stop. *214 We grant certiorari to review that ruling. Because there was reasonable suspicion for the stop and a reasonable basis for the officer's frisk of the defendant, we reverse and remand.

Facts
John Carlton, a federal marshall assigned to N.O.P.D., was patrolling in an unmarked car in an area known for drug activity and saw five men standing near a stairwell at the end of a building. He testified that several heroin arrests had been made in the stairwell. The defendant and another man exchanged unknown objects. Carlton radioed other units in the area, and when they responded, defendant and the other individual began walking away. Carlton stopped the defendant and ordered him to place his hands on the police car.
Carlton testified that he frisked the defendant and felt a knife in the defendant's pants pocket. He asked the defendant if it was a knife, the defendant said it was, and Carlton reached into the pocket to confiscate it. In order to remove the knife Carlton had to remove a cigarette pack which was on top of the knife. He looked at the pack and saw a small square foil package between the outside of the pack and the cellophane wrapper. Carlton believed the foil package contained heroin. He continued the frisk and found a syringe in defendant's other pocket.
The contents of the foil packet tested positive for heroin. The syringe did not contain a controlled substance.
The trial court held that there was no reasonable basis for the stop and he suppressed the evidence. The State argues that the stop and frisk were warranted.

Analysis
A police officer may stop and question an individual if the officer has reasonable suspicion that the person "is committing, has committed, or is about to commit an offense." La.C.Cr.P. art. 215.1; State v. Sneed, 95-2326, p. 3 (La.App. 4 Cir. 9/11/96), 680 So.2d 1237, 1238, writ den. 96-2450 (La.3/7/97), 689 So.2d 1371. Reasonable suspicion is less than probable cause and must be based on particular articulable facts known to the officer at the time he approaches the individual. State v. Sneed, 680 So.2d at 1238. The officer's experience, training, and common sense may be considered to determine if the inferences were reasonable. Id.
Carlton was patrolling an area where police had made many heroin arrests. He saw the defendant exchange unknown objects with another person. When officers in marked police units drove past the suspects, the defendant and his companion began walking away in opposite directions. The police clearly had reasonable suspicion to conduct an investigatory stop. State v. Riley, 95-0664 (La.App. 4 Cir. 5/1/96), 673 So.2d 1279, writ den. 96-1294 (La.11/1/96), 681 So.2d 1257.
Under La.C.Cr.P. art. 215.1(B),
When a law enforcement officer has stopped a person for questioning pursuant to this Article and reasonably suspects that he is in danger, he may frisk the outer clothing of such person for a dangerous weapon. If the law enforcement officer reasonably suspects the person possesses a dangerous weapon, he may search the person.
In State v. Denis, 96-0956, pp. 7-8 (La. App. 4 Cir. 3/19/97), 691 So.2d 1295, 1299, writ den. 97-1006 (La.6/20/97), 695 So.2d 1352, this Court held that the officer must articulate the basis for his suspicion. However, jurisprudence recognizes that dangerous weapons are frequently used in drug dealings and that is a consideration in determining whether the officer had a reasonable basis for the frisk.
Because dangerous weapons, especially handguns, are tools of the trade in high drug zones, the officers were justified in the patdown search of (the defendant).
State v. Johnson, 96-5, p. 3 (La.App. 5 Cir. 5/15/96), 675 So.2d 1175, 1177. In Johnson, the defendant and his companions could not provide the police with an explanation for their presence in an area known for frequent drug activity and which led to numerous citizen complaints. Police seized cocaine from one of the defendant's companions. The court upheld the frisk of the defendant.
*215 Although Carlton did not testify that he believed the defendant had a weapon or that he was in danger, the surrounding circumstances justify the patdown search. The officers witnessed an exchange between two individuals near a stairwell known for frequent heroin dealing. When the officers drove by in marked units, the suspects dispersed, and the officers believed that they had witnessed a drug transaction. The officers had a reasonable basis to frisk the defendant for their safety. The cases cited by the defendant are distinguishable because the officers in those cases did not see the defendants exchange something in a specific, limited area known for heroin dealing. State v. Ellington, 96-0766 (La.App. 4 Cir. 9/4/96), 680 So.2d 174; State v. Edwards, 530 So.2d 97 (La.App. 4th Cir.), writ den. 533 So.2d 19 (La.1988).
Because there was a prior justification for the intrusion into the defendant's pants pocket, in the course of which the heroin was inadvertently discovered, and the officer immediately recognized the packet as one commonly containing heroin, the evidence was properly seized under the "plain view" exception. See State v. Hernandez, 410 So.2d 1381, 1383 (La.1982); State v. Tate, 623 So.2d 908, 917 (La.App. 4th Cir.), writs den. 629 So.2d 1126, 1140.
Moreover, the syringe was properly seized under the "plain feel" exception, Minnesota v. Dickerson, 508 U.S. 366, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993), or under a search incident to a lawful arrest for the heroin which the officer discovered prior to discovering the syringe.
We reverse the judgment suppressing the evidence and remand.
REVERSED AND REMANDED.