786 So.2d 763 (2001)
STATE of Louisiana,
v.
Brian CAMESE.
No. 00-KA-1479.
Court of Appeal of Louisiana, Fifth Circuit.
April 11, 2001.
*764 J. Rodney Baum, Louisiana Appellate Project, Baton Rouge, LA, Attorney for Appellant Brian Camese.
Paul D. Connick, Jr., District Attorney, 24th Judicial District, Parish of Jefferson, Terry M. Boudreaux, Appellate Counsel, Alison Wallis, Counsel of Record on Appeal, Thomas Block, Trial Counsel, Assistant District Attorneys, Gretna, LA, Attorneys for Appellee State of Louisiana.
Panel composed of Judges CANNELLA, ROTHSCHILD and CIACCIO, Pro Tempore.
CANNELLA, Judge.
Defendant, Brian Camese, appeals his guilty plea conviction of possession of cocaine, a violation of La. R.S. 40:967 C. Defendant was sentenced to two years imprisonment at hard labor, suspended, and two years of supervised probation.[1] We reverse the ruling of the trial judge, grant the motion to suppress and remand.
Defendant filed a motion to suppress the physical evidence. On June 6, 2000, after a hearing, the motion was denied.
According to the police report, filed into evidence during the hearing on the Defendant's motion to suppress, Jefferson Parish Sheriffs Officer Derrick Leggett was patrolling in the area of 629 Nel Ct. on April 12, 2000.[2] He reports:
While patrolling in the area of 629 Nel Ct. on todays [sic] date at approx. [5:44 p.m.] I observed a black male later identified as Brian Camese(S/1) standing on a sidewalk in front of 629 Nel Ct. a known drug area. I then approached Brian Camese(S/1) in an attempt to field *765 interview him(S/1) and while administering a pat down search of the outer clothing of Brian Comese[sic](S/1) for my safety, I felt a hard object in the left front pants pocket of B.Camese. I then asked Brian Camese(S/1) if he wanted to remove the hard object from his left front pocket, at which time B.Camese(S/1) removed the said hard object from his front left pocket after I questioned him as to what the hard object was that I felt in his pocket. I observed the hard object that Brian Comese[sic](S/1) removed from his front left pocket to be a siringe[sic] containing a clear liquid substance.
I then detained Brian Camese(S/1) handcuffed(double locked), at which time I transported Brian Comese[sic](S/1) to the JPCC for further investigation in reference to the siringe (sic). Upon my arrival at the JPCC I met with ... Narcotic Agent B.Matranga, at which time Agent B.Matranga tested the clear liquid substance in the inside of the siringe[sic] obtained from B.Comese[sic](S/1) and Agent B.Matranga advised me that the clear liquid substance inside the syringe tested positive for cocaine.
I then arrested Brian Comese[sic](S/1) for possession of drug paraphernalia and possession of cocaine(liquid). After Brian Comese[sic] was advised of his rights per Miranda. Brian Comese[sic](S/1) was then booked in good physical condition at the JPCC. [Irregular spacing reproduced as found in the original.]
(R., State's Exhibit 1, p. 6).
On appeal, Defendant contends that the trial judge erred in denying his motion to suppress.
Defendant argues that the only evidence in this case was presented in the police report which shows no articulable reasonable suspicion for the officer to stop, question and search the Defendant. Defendant cites: Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) and La. C.Cr.P. art. 215.1. Under Terry and the article which codifies Terry, the officer must reasonably suspect that the individual is committing, has committed or is about to commit a crime before he can approach and question a person. Only then can the officer conduct a pat down search for weapons. Defendant argues that neither threshold is met in this case. The officer did not observe Defendant do anything but stand on the sidewalk in front of the house. The officer had not received any information that a crime had been committed, nor did he observe anything that would indicate a crime was about to be committed. The time of day was late afternoon, 5:44 P.M., and Defendant did not attempt to flee. Furthermore, Defendant obeyed the officer's commands, did not make any suspicious movements with his hands, or make any threats. Defendant was simply standing on the sidewalk.
The Fourth Amendment to the United States Constitution and Article 1, Section 5 of the Louisiana Constitution protect individuals from unreasonable searches and seizures. State v. Belton, 441 So.2d 1195, 1198 (La.1983), cert. denied, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984). However, the right of law enforcement officers to stop and interrogate a person reasonably suspected of criminal activity is recognized by state and federal jurisprudence and codified in La. C.Cr.P. art. 215.1. See: Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Robertson, 97-2960, p. 2 (La.10/20/98), 721 So.2d 1268, 1269; State v. Sanders, 97-892, p. 11 (La.App. 5th Cir.3/25/98), 717 So.2d 234, 240, writ denied, 98-1163 (La.9/25/98), 724 So.2d 774.
*766 La.C.Cr.P. art. 215.1, provides in pertinent part:
A. A law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense and may demand of him his name, address, and an explanation of his actions....
Police must have a particularized and objective basis for suspecting criminal activity of the person who has been stopped. State v. Kalie, 96-2650 (La.9/19/97), 699 So.2d 879, 881. An unparticularized hunch is insufficient to establish reasonable grounds to stop a person. See: State v. Huntley, 97-0965 (La.3/13/98), 708 So.2d 1048, 1049; State v. Martin, 99-123 (La.App. 5th Cir.6/1/99), 738 So.2d 98, 101; State v. Barney, 97-777 (La.App. 5th Cir.2/25/98), 708 So.2d 1205, 1207.
When determining whether an investigatory stop was justified by reasonable suspicion, a reviewing court must consider the totality of the circumstances. Martin, 738 So.2d at 101. The trial court must give deference to the inferences and deductions of a trained police officer. Huntley, 708 So.2d at 1049; Martin, 738 So.2d at 101. In addition, the reputation of a neighborhood as a high-crime area is an articulable fact upon which an officer may legitimately rely in making a determination as to reasonable suspicion for an investigatory stop. State v. Ayche, 98-191, (La.App. 5th Cir.7/28/98), 717 So.2d 1218, 1222, writ denied, 98-2853 (La.2/26/99), 738 So.2d 1061; Martin, 738 So.2d at 101. See also: State v. Miskel, 95-584 (La.App. 5th Cir.1/30/96), 668 So.2d 1299, 1302. A defendant's presence in a high-crime area, coupled with nervousness, startled behavior, flight or suspicious actions upon the approach of officers, is sufficient to justify an investigatory stop. Martin, 738 So.2d at 101; Ayche, 717 So.2d at 1222; State v. Barney, 708 So.2d at 1207. Other factors that may support reasonable suspicion for an investigatory stop are an officer's experience, his or her knowledge of recent criminal patterns and his or her knowledge of an area's frequent incidence of crimes. Martin, 738 So.2d at 102; State v. Smith, 96-2161 (La.App. 4th Cir.6/3/98), 715 So.2d 547, 549.
In its brief, the State relies on the recent United States Supreme Court decision in Illinois v. Wardlow, 528 U.S. 119, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000) for the proposition that "officers are not required to ignore relevant characteristics of a location in determining whether the circumstances are sufficiently suspicious to warrant further investigation." (State's brief, p. 3). However, the State's reliance on Wardlow, is misplaced since the United States Supreme Court reiterated in Wardlow, citing Brown v. Texas, 443 U.S. 47, 99 S.Ct. 2637, 61 L.Ed.2d 357 (1979), that, "An individual's presence in an area of expected criminal activity, standing alone, is not enough to support a reasonable, particularized suspicion that the person is committing a crime." Wardlow, 528 U.S. at 124, 120 S.Ct. at 676.
Although we have not addressed this specific fact in the past, the Fourth Circuit Court of Appeal recently decided a similar case in State v. Scott, 98-2642 (La.App. 4th Cir.2/16/00), 754 So.2d 1108. In Scott, two police officers were on patrol in an area known for drug trafficking and prostitution when they observed an individual who was standing alone in the rear parking area of a hotel. The man was moving back and forth, while looking into one of the open back doors of the hotel, which was open for business. The officers approached the man and, to insure their safety, frisked him. During the frisk, the officer felt a hard object in the individual's pocket and *767 retrieved it. The object turned out to be a crack pipe. The individual was arrested for possession of drug paraphernalia. The defendant sought to suppress the evidence, which was denied. After a bench trial, he was found guilty of attempted possession of cocaine. On appeal, he argued, and the Fourth Circuit agreed, that the police officers lacked sufficient reasonable suspicion to conduct an investigatory stop, based on the facts articulated by the officers that the area was known for drugs and prostitution and that defendant was hovering near an open back door looking into a business.
In this case, there is less support for the investigatory stop. The facts revealed in the police report show that the officer saw a black male standing alone on a sidewalk in front of 629 Nel Ct., a "known drug area," in the late afternoon. Although the character of the area as high crime and the late afternoon/early evening hour of the contact are factors which may be considered in determining whether there was reasonable suspicion that criminal conduct was imminent, those factors alone are not sufficient to justify reasonable suspicion and here, those are the only facts upon which the officer supported his actions in conducting the "investigatory stop." The report describes no other conduct that would indicate that Defendant may have been engaged in or was about to be engaged in criminal activity.[3]
The decision to deny a motion to suppress is afforded great weight and it will not be set aside unless the preponderance of the evidence clearly favors suppression. State v. Williams, 98-1006 (La. App. 5th Cir.3/30/99), 735 So.2d 62, 73. In this case, we find that the preponderance of the evidence presented at the suppression hearing clearly favors granting the motion to suppress. We do not make this finding lightly. However, the facts in this case do not even minimally pass constitutional scrutiny. Since there was no valid investigatory stop, the seizure of the evidence likewise falls and the evidence cannot be used in any trial. Thus, the trial judge erred in denying the motion to suppress and we are constrained to reverse the ruling, grant the motion to suppress and remand the case for further proceedings, if any.
Accordingly, the judgment denying the motion to suppress is reversed and the motion is hereby granted. The case is remanded for proceedings consistent with this opinion.
JUDGMENT DENYING MOTION REVERSED; MOTION GRANTED; CASE REMANDED.
NOTES
[1] Defendant pled guilty on June 6, 2000, reserving his right to appeal under State v. Crosby, 338 So.2d 584, 588-590 (La.1976). He was sentenced that same day, pursuant to La.C.Cr.P. art. 873.

In addition to probation, Defendant was ordered to pay a fine of $500, court costs, $100 commissioner's fee and a monthly probation fee of $30. Defendant was also ordered to submit to drug screening when ordered. Although the trial judge did not specifically state that drug screening was ordered as directed by the Department of Probation and Parole, the "Conditions of ProbationFelony" form signed by the Defendant clearly sets forth this condition. Further, the condition is expressly codified in La.C.Cr.P. art. 895(A)(12). The trial judge also imposed the "nine conditions of probation that are on the document you signed here in court today." (R., p. 31) Those conditions of probation, which are found listed on the document entitled "Conditions of Probation-Felony," are mainly the same conditions that the trial judge had already imposed.
[2] The report was submitted in lieu of live testimony by agreement of the parties.
[3] In addition, the officer did not specify what factors made him feel that he was in danger to justify the frisk for weapons. La.C.Cr.P. art. 215 B states:

When a law enforcement officer has stopped a person for questioning pursuant to this Article and reasonably suspects that he is in danger, he may frisk the outer clothing of such person for a dangerous weapon. If the law enforcement officer reasonably suspects the person possesses a dangerous weapon, he may search the person....
This limited search, or pat down, is justified under circumstances where a reasonably prudent man would be warranted in the belief that his safety, or that of others, was in danger. Martin, 738 So.2d at 103; State v. Gresham, 97-1158 (La.App. 5th Cir.4/15/98), 712 So.2d 946, 952. The officer's belief is not reasonable unless the officer can point to particular facts from which he reasonably inferred that the individual was armed and dangerous. Sibron v. New York, 392 U.S. 40, 64, 88 S.Ct. 1889, 1903, 20 L.Ed.2d 917, 935 (1968); Martin, 738 So.2d at 103.