821 So.2d 491 (2002)
STATE of Louisiana
v.
Randy HUGHES.
No. 02-KA-11.
Court of Appeal of Louisiana, Fifth Circuit.
May 29, 2002.
*492 Paul D. Connick, Jr., District Attorney, Churita H. Hansell, Assistant D.A., Terry M. Boudreaux, Assistant D.A., Douglas W. Freese, Assistant D.A., Gretna, LA, for Plaintiff-Appellee.
Martin E. Regan, Jr., Kris A. Moe, New Orleans, LA, for Defendant-Appellant.
(Panel composed of Judges EDWARD A. DUFRESNE, Jr., SUSAN M. CHEHARDY and WALTER J. ROTHSCHILD).
EDWARD A. DUFRESNE, Jr., Chief Judge.
On appeal, defendant, Randy Hughes, challenges the trial court's denial of his motion to suppress evidence. For the reasons which follow, we find no error in the denial of the motion and accordingly, affirm defendant's conviction and sentence.
The Jefferson Parish District Attorney filed a bill of information charging defendant with possession of cocaine, in violation in LSA-R.S. 40:967C. At the arraignment, defendant pled not guilty to the charge. He subsequently filed a motion to suppress evidence, which was heard and denied by the trial court. Following this denial, defendant withdrew his former plea of not guilty, and after being advised of his constitutional rights, pled guilty as charged.[1] In accordance with the plea *493 agreement, the trial court sentenced defendant to five years imprisonment at hard labor to run concurrent with sentences imposed in other cases unrelated to this appeal.
Thereafter, the state filed a multiple offender bill of information pursuant to LSA-R.S. 15:529.1. Defendant pled guilty to being a second felony offender. The trial judge then vacated the previously imposed five year sentence and imposed an enhanced sentence of six years at hard labor without benefit of probation or suspension of sentence, to run concurrent with the sentences imposed in the other unrelated cases. Defendant now appeals, challenging the trial court's denial of the motion to suppress evidence.
At the suppression hearing, Lieutenant Emile Larson of the Jefferson Parish Sheriff's Office, testified that on September 3, 1999, he and two other officers, Joe Lopinto and Vince Viamonte, were patrolling the 6600 block of the Westbank Expressway near the Moon Suite Inns. Lieutenant Larson, who has over sixteen years of experience in the narcotics division, testified that this area is known as a high crime area for illegal drug activity. On that date, at approximately 7:15 p.m., Larson observed a black male, with a beer in his hand, squeezing through the back fence of the Moon Suite Inns. According to Larson, this individual, subsequently identified as defendant, appeared startled as the officers approached in their unmarked police unit.
The officers, dressed in police marked outfits, stopped the car and exited. Larson approached defendant, identified himself as a police officer, and asked to speak to him. As defendant walked towards Larson, he appeared very nervous, could not stand still, and constantly moved back and forth. Larson attempted to speak with defendant to inquire about his actions, but defendant ran from the officers. Officers Lopinto and Viamonte chased defendant on foot, while Larson followed in his vehicle.
At the suppression hearing, Officer Lopinto testified that he chased defendant into a nearby empty lot. When the officer apprehended him, defendant attempted to take something out of his right pants pocket with his right hand. Lopinto then handcuffed defendant and conducted a brief pat down of defendant to check for weapons. Lopinto testified that he did not find anything on defendant's person during this initial pat down.
At this point, Officer Larson ran a criminal history check of defendant and learned that he had six outstanding attachments for his arrest. The officer then advised defendant of his constitutional rights and placed him under arrest. According to Lopinto, defendant again attempted to reach his hand into his pocket while in handcuffs. After his arrest, Lopinto conducted a search of defendant and found a rock of crack cocaine in defendant's right pants pocket and a crack pipe in his left pants pocket. During pre-trial proceedings, defendant attempted to have this evidence suppressed on the basis that the initial stop of defendant was without reasonable suspicion and therefore illegal. The trial judge denied defendant's motion to suppress stating as follows:
Article 215.1 does say, "A law enforcement officer may stop a person in a public place where who he reasonably suspects is committing, has committed, or is about to commit an offense and may demand from him his name, address and explanation of the charges."
The case law talks about numerous circumstances. There is one thing that the case law specifically say is is that the officer does not need to have probable *494 cause or reasonable suspicion to converse with a citizen.
It indicatedthe testimony indicated that the officers were going to converse with this citizen. They hadthey did have suspicion as to why someone was cutting through the fence of a motel in a high drug traffic area. The startled look, the nervousness of the Defendant when he heard that they were police officers and started to walk to him, and then took off running, the suspicionthe reasonable suspicion at that point increases tremendously to where you can at least go and stop him and then pat him down for weapons, which they did and did not go into his pockets until such time as he was under arrest for valid attachments which were outstanding which they checked first before they went in there.
So, I believe that thethe Defense has failed to show that the stopthe seizure was unconstitutional and the State has shown that the evidence is admissible and the motion to suppress is hereby denied.
Defendant now appeals this denial. He contends that, when the officers exited their vehicle, defendant submitted to their authority. Based on this, defendant argues that there was an investigatory stop, and that the trial judge erred in finding that the officers intended only to engage in conversation with defendant when they first approached him. To support this contention, defendant points to the testimony of the officers that they intended to do a pat down of defendant but did not get a chance to because he fled. Defendant argues that the officers lacked reasonable suspicion when they stopped him, and therefore, any evidence seized pursuant to the illegal stop should be suppressed.
In contrast, the state contends that the officers had reasonable suspicion to justify an investigatory stop based on defendant's nervous behavior in a high crime area followed by flight. The state argues that once the officers discovered that there were six attachments for defendant's arrest, the drugs and paraphernalia seized from defendant were the result of a search incident to a lawful arrest.
The Fourth Amendment to the United States Constitution and Article I, Section 5 of the Louisiana Constitution prohibit unreasonable searches and seizures. However, the right of law enforcement officers to stop and interrogate one reasonably suspected of criminal conduct is recognized by LSA C.Cr.P. art. 215.1, as well as state and federal jurisprudence. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Belton, 441 So.2d 1195 (La.1983), cert. denied, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984).
The right to make an investigatory stop and question the particular individual detained must be based upon reasonable suspicion to believe that he has been, is, or is about to be engaged in criminal activity. State v. Miskel, 95-584 (La.App. 5 Cir. 1/30/96), 668 So.2d 1299, 1302. Reasonable suspicion is something less than probable cause and is determined under the facts and circumstances of each case by whether the officer had sufficient facts within his knowledge to justify an infringement on the individual's right to be free from governmental interference. State v. Sanders, 97-892 (La.App. 5 Cir. 3/25/98), 717 So.2d 234, 240, writ denied, 98-1163 (La.9/25/98), 724 So.2d 774. An unparticularized hunch is insufficient to establish reasonable grounds to stop a person. State v. Huntley, 97-0965 (La.3/13/98), 708 So.2d 1048, 1049; State v. Martin, 99-123 (La.App. 5 Cir.6/1/99), 738 So.2d 98, 101.
When determining whether an investigatory stop was justified by *495 reasonable suspicion, a reviewing court must consider the totality of the circumstances, "giving deference to the inferences and deductions of a trained police officer." State v. Huntley, 708 So.2d at 1049; State v. Martin, 738 So.2d at 101. The reputation of an area as one of high crime is an articulable fact upon which an officer may legitimately rely in making a determination as to reasonable cause for an investigatory stop. State v. Barney, 97-777 (La.App. 5 Cir. 2/25/98), 708 So.2d 1205, 1207. A defendant's presence in a high crime area, coupled with nervousness, startled behavior, flight or suspicious actions upon the approach of officers, is sufficient to justify an investigatory stop. State v. Martin, 738 So.2d at 101; State v. Barney, 708 So.2d at 1207. Other factors that may support reasonable suspicion for an investigatory stop are an officer's experience, his or her knowledge of recent criminal patterns, and his or her knowledge of an area's frequent incidence of crimes. State v. Martin, 738 So.2d at 102.
The trial court's decision to deny a motion to suppress is afforded great weight and will not be set aside unless the preponderance of the evidence clearly favors suppression. State v. Flagg, 01-65 (La.App. 5 Cir. 7/30/01), 792 So.2d 133. We find that the testimony presented at the suppression hearing supports the trial court's denial of defendant's motion to suppress.
At the suppression hearing, Lieutenant Larson testified that he has over sixteen years of experience in the narcotics division, that the area he was patrolling on the evening of September 3, 1999, was known as a high crime area for illegal drug activity, and that numerous arrests had been made in that area.
Larson's suspicions were aroused when he observed defendant squeezing through the back fence of the Moon Suite Inns. Also, when the officers approached in the unmarked police unit, defendant appeared startled. The officers thereafter stopped the vehicle and exited. Larson approached defendant, identified himself as a police officer, and asked to speak to him. As defendant walked towards Larson, he appeared very nervous, could not stand still, and constantly moved back and forth. When Larson attempted to speak with defendant to inquire about his actions, defendant ran from the officers. Although Larson indicated he intended to do a pat down, the testimony is clear that the officers were only engaging in conversation with defendant at the time he fled. The officers had not handcuffed defendant, nor had they ordered him to place his hands on the police unit. Based on these facts, we find that when the officers first stopped and attempted to speak with defendant, no actual investigatory stop occurred. "Police officers do not need probable cause to arrest or reasonable cause to detain each time they attempt to converse with or approach a citizen. As long as the person remains free to disregard the encounter and walk away, there has been no intrusion upon that person's liberty or privacy which would require some particularized and objective justification under the fourth amendment." United States v. Mendenhall, 446 U.S. 544, 554, 100 S.Ct. 1870, 1877, 64 L.Ed.2d 497 (1980).
However, once defendant fled, the police officers clearly had reasonable suspicion to justify the subsequent stop of defendant. See State v. Barney, supra, where this court found that presence in a high crime area, coupled with nervousness, startled behavior, flight or suspicious actions upon the approach of officers, is sufficient to justify an investigatory stop.
Once defendant was detained after his flight from the police, Officer Lopinto patted down defendant for safety. He testified *496 that he did not find any weapons or drugs on defendant's person. After the officers determined defendant's identity and ran a criminal background check on him, they learned that he had six attachments for his arrest. Both officers testified that the defendant was then placed under arrest and searched pursuant to that arrest.
A search conducted without a warrant is per se unreasonable, unless justified by a specific exception to the warrant requirement. Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967); State v. Moreno, 619 So.2d 62 (La. 1993); State v. Lassere, 95-1009 (La.App. 5 Cir.10/1/96), 683 So.2d 812, 817, writ denied, 96-2655 (La.4/18/97), 692 So.2d 445. When the constitutionality of a warrantless search is at issue on a motion to suppress, the state bears the burden of proving that the search was justified under one of the exceptions to the warrant requirement. State v. Diaz-Rubio, 615 So.2d 1124, 1127 (La.App. 5 Cir.1993), writ denied, 93-1010 (La.9/30/94), 642 So.2d 866. An exception to the warrant requirement is a search incident to lawful arrest. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). This court has held that, once a lawful arrest has been made, a warrantless search of the arrestee's person and of the area within his immediate control is permissible in order to remove any weapons from his person and to prevent evidence from being destroyed. State v. Simmons, 95-309 (La. App. 5 Cir. 10/18/95), 663 So.2d 790; State v. Freeman, 97-1115 (La.App. 5 Cir. 12/29/98), 727 So.2d 630, 634.
In this case, after the officers learned of the six outstanding attachments for the defendant's arrest, the defendant was arrested and then searched pursuant to that lawful arrest. Based on the foregoing discussion, we find that the police officers had reasonable suspicion to justify their stop of defendant and further that the subsequent seizure of evidence was permissible pursuant to his lawful arrest. Accordingly, the trial court properly denied the motion to suppress evidence.
We have also reviewed the record for errors patent and have found none. LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990).
For the reasons set forth herein, defendant's conviction and sentence are hereby affirmed.
AFFIRMED.
NOTES
[1] Defendant entered his plea pursuant to State v. Crosby, 338 So.2d 584 (La.1976), thereby reserving his right to appeal the ruling on the motion to suppress.