| .EDWARDS, Judge.
Defendant, Noel Duquestrada, appeals his conviction and sentence for a violation of La.R.S. 40:967(C). We affirm as follows.
Duquestrada was charged with one count of possession of cocaine, and after initially entering a plea of not guilty, a motion to suppress the evidence was heard and denied. Subsequently, Duquestrada withdrew his former plea and entered a plea of guilty as charged, pursuant to State v. Crosby,[1] reserving the right to appeal the denial of his motion to suppress.
The same day, the trial judge sentenced Duquestrada to serve one year in parish prison, suspended the sentence, and ordered him to be placed on active probation for one year. The court also ordered him to pay a fine of $1000, a drug court fee of $150, as well as costs and fees. Duques-trada also pled guilty pursuant to State v. Crosby, to possession of an open container in violation of the Jefferson Parish Municipal Ordinance in district court case number 02-0046. However, that case is not at issue on this appeal.
| .The facts are drawn from the testimony of the arresting officer, Deputy Michael Kinler, at the suppression hearing.
On December 24, 2001, at approximately 1:15 p.m., Deputy Kinler of the Jefferson Parish Sheriffs Office was on patrol with a deputy trainee. Deputy Kinler testified that they observed two men in a car in the parking lot of DC’s Lounge, which is located at the corner of Wright Avenue and Terry Parkway. At first, Deputy Kinler only saw the front seat passenger, later identified as Duquestrada, sitting in the car drinking a bottle of Budweiser beer. However, as Deputy Kinler continued to watch, the driver sat up, looked around, and passed something to the passenger. The driver then sipped a beer while Du-questrada leaned over in the car. According to Deputy Kinler, Duquestrada “brought something to his face” as he bent *457 down. When Duquestrada sat up, he looked around, “in a lookout manner.” Deputy Kinler stated that he could clearly see the beer’s label, since the label faced his vantage point.
Because Deputy Kinler believed that the occupants’ actions were indicative of smoking marijuana or using cocaine, he decided to initiate a “suspicious person stop.” However, the vehicle left the parking lot and entered Terry Parkway before Deputy Kinler could reach the vehicle. After Deputy Kinler activated his lights and siren on the marked police unit, the vehicle reentered the parking lot at DC’s Lounge. The driver exited, and Deputy Kinler requested his operator’s license. According to Deputy Kinler, the driver said, “You know I’ve (sic) to run,” and fled. Deputy Kinler and the deputy trainee ultimately caught the driver and returned him to the car where Duquestrada had remained.
Through the open driver’s side door, Deputy Kinler observed a brown vial containing white powder on the floorboard. According to Deputy Kinler, he could see into the vial because the vial did not have a lid and was facing the driver’s side |4door. Deputy Kinler testified that both the driver and Duquestrada were arrested for violating the open container law and for possession of cocaine.
Duquestrada contends that the cocaine should have been suppressed because Deputy Kinler unlawfully stopped the vehicle in which he was a passenger. According to Duquestrada, the vehicle had to be on a public road in order for the occupants to violate the municipal open container law. Duquestrada asserts that the trial judge should not have believed the' deputy’s uncorroborated testimony that the vehicle had left the parking lot and entered Terry Parkway when it was stopped.
The Fourth Amendment and Article I, Section V of the Louisiana Constitution protects individuals from unreasonable searches and seizures. However, the right of law enforcement officers to stop and question a person where there is reasonable suspicion to believe that the person is committing, has committed or is about to commit a crime is recognized by state and federal jurisprudence.[2]
An investigatory stop, authorized by LSA-C.Cr.P. art. 215.1 and Terry v. Ohio, supra, must be supported by reasonable suspicion of criminal activity. Reasonable suspicion is something less than probable cause to arrest. Rather, it requires that officers have sufficient knowledge of the facts and circumstances to justify an infringement of an individual’s right to be free of government interference.[3]
The reviewing court must consider the totality of the circumstances, according deference to the inferences and deductions of a trained police officer that might elude an untrained person.[4] The reputation of a neighborhood as a |Bhigh-crime area is an articulable fact upon which an officer may legitimately rely in making a determination as to reasonable *458 suspicion for an investigatory stop.[5]
Duquestrada concedes in brief that Jefferson Parish Municipal Code Article 1, Sec. 4-5 prohibits an operator or a passenger in or on a motor vehicle from possessing an alcoholic beverage in an open container when the vehicle is on a street or highway. Further, he admits that “[t]he observation of a violation of a municipal ordinance would clearly fall within the scope of behavior for which 215.1 would be applicable.”
He contends, however, that no violations of the municipal ordinance occurred because the vehicle was not operated upon a street or highway.
The thrust of Duquestrada’s argument is that the trial judge should not have believed Deputy Kinler’s testimony that the vehicle left the parking lot and entered Terry Parkway. Duquestrada urges that it is not believable that the driver would leave the parking lot, only to re-enter the parking lot, since the driver ultimately fled the scene. Further, Duquestrada points out that the police report does not indicate that the car entered Terry Parkway.
At the hearing, Deputy Kinler acknowledged that the report did not so indicate, but explained that fact was mistakenly left out of the report. The report was not introduced at the hearing. After the hearing, the trial judge denied the motion to suppress as follows:
THE COURT:
The Court finds Reasonable Suspicion of illicit activities have been committed within the purview of this Officer; both on private property and public property.
In denying the motion, the trial judge obviously believed Deputy Kinler’s testimony. This Court has stated that the “[cjredibility of witnesses is best determined by the trial judge and is not to be upset on appeal unless the trial judge | fiabuses his or her discretion.”[6] We find nothing in the record indicates that the judge abused his discretion in crediting the testimony of Deputy Kinler.
Even if the vehicle had not entered the street with the occupants in possession of open containers, we find that reasonable suspicion of criminal activity existed under the present circumstances. Deputy Kinler testified that the actions of the passenger and the driver , were indicative of either marijuana or cocaine use. Further, Deputy Kinler, a police officer since 1993, stated that the parking lot of DC’s Lounge was known for drug use, and that he had personally made arrests involving ecstasy and cocaine at that location. An officer’s experience, his knowledge of recent criminal patterns and his knowledge of an area’s frequent incidence of crimes, are factors that may support reasonable suspicion for an investigatory stop.[7]
The vial containing cocaine residue was discovered in plain view as Deputy Kinler looked into the car through the open door after the driver had fled. In order for the plain view exception to the warrant requirement to apply, there must be prior justification for police intrusion *459 into a protected area and it must be immediately apparent, without close inspection, that the item is contraband.[8] Because Deputy Kinler lawfully stopped the vehicle and observed the vial containing cocaine in plain view, the trial court properly denied defendant’s motion to suppress the evidence. This assignment of error is without merit. The record was reviewed for errors patent according to La. C.C.r.P. art. 920.[9] The minute entry/commitment reflects that the trial judge imposed the fine, costs, and 17Commissioner’s Fee as conditions of probation, whereas the transcript does not. In sentencing Duquestrada, the trial judge stated:
... [T]he Court Sentences you, pursuant to your Crosby Plea, Article 893; one year in the Parish Prison, suspended; one year active probation, a thousand-dollar fine, $150 drug court fine, cost and fees.
The trial judge did not state that he was imposing the monetary requirements as special conditions of probation.
Generally, when there is a discrepancy between the minutes and the transcript, the transcript prevails.[10] Accordingly, we remand the matter to the district court and order it to delete from the minutes/commitment the reference to the monetary conditions of Duquestada’s probation.
For the foregoing reasons, the conviction and sentence are affirmed, and the matter remanded for proceedings consistent with this opinion.
CONVICTION AND SENTENCE AFFIRMED; REMANDED.

. State v. Crosby, 338 So.2d 584 (La.1976).

. See, Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Keller, 403 So.2d 693, 696 (La.1981).

. State v. Belton, 441 So.2d 1195, 1198 (La.1983), cert. denied, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984); State v. Williams, 98-1006 (La.App. 5 Cir. 3/30/99), 735 So.2d 62, 70, writ denied, 99-1077 (La.9/24/99), 747 So.2d 1118.

. State v. Huntley, 97-0965 (La.3/13/98), 708 So.2d 1048, 1049; State v. Duckett, 99-314 (La.App. 5 Cir. 7/27/99), 740 So.2d 227, 230.

. State v. Flagg, 99-1004 (La.App. 5 Cir. 4/25/00), 760 So.2d 522, 527, writ denied, 00-1510 (La.3/9/01), 786 So.2d 117.

. State v. Snavely, 99-1223 (La.App. 5 Cir. 4/12/00), 759 So.2d 950, 957, writ denied, 00-1439 (La.02/16/01), 785 So.2d 840 (citation omitted).

. State v. Martin, 99-123 (La.App. 5 Cir. 6/1/99), 738 So.2d 98, 102.

. Horton v. California, 496 U.S. 128, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990); State v. Gentras, 98-1095 (La.App. 5 Cir. 3/30/99), 733 So.2d 113, 116, writ denied, 99-1302 (La.10/15/99), 748 So.2d 464.

. Also State v. Oliveaux, 312 So.2d 337 (La.1975), and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990).

. State v. Lynch, 441 So.2d 732, 734 (La.1983); State v. Haynes, 96-84 (La.App. 5 Cir. 5/25/96), 676 So.2d 1120, 1123