LED WARD A. DUFRESNE, JR., chief judge.
On appeal, defendant, Wyman Quinn, challenges the trial court’s denial of his motion to suppress evidence. For the reasons which follow, we find no error in the denial of the motion and accordingly, affirm defendánt’s conviction and sentence.
The Jefferson Parish District Attorney filed a bill of information charging defendant with possession of marijuana, second offense, in violation of LSA-R.S. 40:966(C). At the arraignment, defendant pled not guilty and thereafter filed various pretrial motions, including a motion to suppress evidence. After a hearing, the trial judge denied defendant’s motion to suppress. Defendant then withdrew his plea of not guilty, and after being advised of his constitutional rights, pled guilty as charged.[1] In accordance with the plea agreement, the trial court sentenced defendant to imprisonment at hard labor for two years to run concurrently with any other sentence. Defendant now appeals, challenging the trial court’s denial of the motion to suppress evidence.
At the suppression hearing, Deputy Elvin Módica of the Jefferson Parish Sheriffs Office, testified as to the circumstances surrounding the stop of defendant and the seizure of the evidence. He testified that on November 22, 2002, he and his partner, Deputy Lonnie Senior, were on patrol in an area known for high crime Land drug transactions. At that time, the deputies, driving in an unmarked Crown Victoria with a light on the dashboard, observed defendant and another man standing on the corner conversing. As the officers drove down the street, the two men appeared nervous and startled. Deputy Módica was approximately 50 feet away when defendant looked and made eye contact. Deputy Módica explained that the casual conversation between defendant and the other man stopped, and that defendant “kind of froze up, eyes wide, and started to fidget a little bit_” Defendant subsequently turned and walked away from the other man and made another turn up a driveway. Defendant looked back at the deputies several times while he was walking away. As a result, Deputy Módica pulled into the parking lot to investigate further. As he did so, defendant began to run. At that point, the deputies pursued defendant and stopped him. At the suppression hearing, Deputy Módica testified-that prior to stopping defendant, he did not, at any time, turn on the lights or order defendant to stop, nor did he have his gun drawn.
While speaking with defendant, Deputy Módica noticed that he was mumbling and observed a clear plastic bag containing something green in his mouth. Based on his experience, Deputy Módica believed the substance to be marijuana and asked defendant to spit out what was in his mouth. As a result of this incident, defendant was arrested.
During his testimony at the suppression hearing, Deputy Módica, a six year veteran who made at least 100 drug arrests during his career, stated that he stopped defendant based on the totality of the circumstances. He specifically pointed to the following factors as the basis for stopping *29 defendant: the area where the incident occurred, the actions being consistent with narcotics dealers, the unprovoked reaction to the police presence, defendant’s constant eye contact, his body language, and his flight from police.
| ¿After considering the evidence presented at the suppression hearing, the trial judge denied the motion to suppress, finding that the totality of the circumstances provided the officers with reasonable suspicion to stop defendant. Defendant now appeals this denial, contending that the evidence should have been suppressed because the police officers stopped him without reasonable suspicion. To support this argument, defendant points to the fact that the officers did not observe any criminal activity in progress, including any hand-to-hand transactions, nor did they witness defendant or the other individual holding or carrying any suspicious objects. We find no merit to defendant’s argument.
The Fourth Amendment to the United States Constitution and Article I, § 5 of the Louisiana Constitution prohibit unreasonable searches and seizures. State v. Belton, 441 So.2d 1195, 1198 (La.1983), cert. denied, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984). However, the right of law enforcement officers to stop and interrogate one reasonably suspected of criminal activity is recognized by LSA-C.Cr.P. art. 215.1, as well as state and federal jurisprudence. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Belton, 441 So.2d 1195 (La.1983), cert. denied, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984).
The right to make an investigatory stop and question the particular individual detained must be based upon reasonable suspicion to believe that he has been, is, or is about to be engaged in criminal activity. Reasonable suspicion is something less than probable cause and is determined under the facts and circumstances of each case by whether the officer had sufficient facts within his knowledge to justify an infringement on the individual’s right to be free from governmental interference. State v. Belton, 441 So.2d at 1198; State v. Hughes, 02-11 (La.App. 5 Cir. 5/29/02), 821 So.2d 491, 494.
When determining whether an investigatory stop was justified by reasonable suspicion, a reviewing court must consider the totality of the circumstances, giving | ¡¡deference to the inferences and deductions of a trained police officer. State v. Huntley, 97-0965 (La.3/13/98), 708 So.2d 1048, 1049. Flight from a police officer, by itself, does not provide sufficient justification for an investigatory stop. It is, however, highly suspicious, and may be one of the factors leading to a finding of reasonable suspicion. The reputation of an area as one of high crime is another articulable fact upon which an officer may legitimately rely in formulating reasonable suspicion for an investigatory stop. State v. Duckett, 99-314 (La.App. 5 Cir. 7/27/99), 740 So.2d 227, 230.
This court has found that presence in a high crime area, coupled with nervousness, startled behavior, flight or suspicious actions upon the approach of officers, is sufficient to justify an investigatory stop. State v. Hughes, 821 So.2d at 495; State v. Barney, 97-777 (La.App. 5 Cir. 2/25/98), 708 So.2d 1205, 1207.
The trial court’s decision to deny a motion to suppress is afforded great weight and will not be set aside unless the preponderance of the evidence clearly favors suppression. State v. Flagg, 01-65 (La.App. 5 Cir. 7/30/01), 792 So.2d 133, writ denied, 01-2534 (La.9/20/02), 825 So.2d 1159. We find that the testimony presented at the suppression hearing supports the trial court’s denial of defendant’s *30 motion to ■ suppress. The defendant’s flight after the officers pulled into the parking lot, along with defendant’s presence in an area known for high crime and drug transactions, his nervousness, his startled look at the sight of the officers, and his walking away and repeatedly looking back at the officers prior to his flight, gave the police officers reasonable suspicion to justify the subsequent stop of defendant. Accordingly, we find no error in the trial court’s denial of defendant’s motion to suppress evidence.
IfiWe have also reviewed the record for errors patent, according to LSA-C.Cr.P. art. 920: State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). Our review reveals no errors which require corrective action.
For the reasons set' forth herein, we hereby affirm defendant’s conviction and sentence.

CONVICTION AND SENTENCE AFFIRMED.

. Defendant entered his plea pursuant to State v. Crosby, 338 So.2d 584 (La.1976), thereby reserving his right to appeal the denial of his motion to suppress.